Barry I. Levy (BL 2190)
David M. Grill (DG 1385)
RIVKIN RADLER LLP
477 Madison Avenue, 20th Floor
New York, New York 10022
(212) 455-9555

*Counsel for Plaintiff, Sunrise Mass LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SUNRISE MASS LLC,                                     Docket No.:

                     Plaintiff,           _____ (   )

      -against-                                       **Plaintiff Demands a Trial by Jury**

MICHAEL'S STORE, INC.,

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## COMPLAINT

Plaintiff Sunrise Mass LLC (hereinafter, "Plaintiff"), by and through its counsel, Rivkin Radler LLP, as and for its Complaint against the Defendant, Michael's Stores, Inc. (hereinafter, "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for monetary damages brought by the owner and landlord of a property located in Massapequa, New York against the Defendant as a result of a conceded default in its obligation to pay rent to Plaintiff for the months of April and May of 2020. Despite due demand made by Plaintiff upon the Defendant, the Defendant has failed, refused and neglected to pay to Plaintiff any part of the sums that are due to it under the lease, in an amount currently exceeding $80,000.00. Additionally, the Defendant has demonstrated its intention to repudiate its obligations under the lease, which further constitutes an anticipatory breach. As

such, Defendant is also liable for the present value of the rent due for the remainder of the lease term, which is no less than $1,930,825.23.

## PARTIES

2. At all relevant times, Plaintiff is and remains a limited liability company whose members are citizens, directly or indirectly, of the following states and foreign states: New York, Georgia, Switzerland, Florida, Maryland, Connecticut, California, Tennessee, Israel, and Barbados.

3. At all relevant times, Defendant is and remains a Delaware corporation, with its headquarters and principal place of business located in Texas.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) because (i) there is complete diversity of citizenship between Plaintiff and Defendant, and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b) as the Eastern District of New York is where the property that is the subject of this action for non-payment of rent is located.

## FACTS RELEVANT TO ALL CLAIMS

6. Plaintiff is the owner of a commercial building located within a shopping center located at 5500 Sunrise Highway, Massapequa, New York and known as the Phillips at Sunrise Shopping Center in Massapequa, New York (hereinafter, the "Shopping Center").

7. On or about October 28, 2009, Plaintiff's predecessor Mass One LLC, as landlord, and Defendant, as tenant, entered into a written lease (the "Lease"), for certain

commercial premises known and described as the retail premises consisting of 42,202 leasable square feet within the Shopping Center. The Lease was amended pursuant to a First Amendment to Lease dated November 15, 2018. The Lease, as extended, is currently set to expire on February 28, 2025.

8. Pursuant to the Lease, Defendant entered into possession of the Demised Premises.

9. Pursuant to the terms of the Lease, Defendant agreed to pay minimum rent in advance on the first day of each month of the term of the Lease (the "Base Rent") without offset, deduction, demand or notice, as follows: $500,000.04 per annum ($41,666.57 per month) for the period running from March 1, 2020 to February 28, 2025.

10. In addition to the foregoing, Defendant covenanted and agreed to pay certain additional rent ("Additional Rent") as required by the Lease.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT

11. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "10" of its Complaint with the same force and effect as if set forth at length herein.

12. Defendant failed to pay to Plaintiff the Base Rent and Additional Rent for the months of April 2020 and May 2020 in the aggregate amount of $83,333.34.

13. The Defendant's failure to pay the required rent when due constitutes a default under the Lease.

14. Plaintiff has duly performed all of the conditions of the Lease on its part to be performed.

15. By virtue of the Defendant's conduct and breach of the Lease as a result of its refusal and/or failure to pay Plaintiff Base Rent and Additional Rent, Plaintiff has been damaged.

As a result, Defendant is obligated to pay Plaintiff the principal sum of $83,333.34, together with appropriate legal interest thereon.

16. To the extent that the Defendant continues to default on its obligation to pay to Plaintiff the Base Rent and Additional Rent required under the Lease after May 2020, Plaintiff is entitled to all Base Rent and Additional Rent as may become due and owing prior to the entry of a final judgment, and Plaintiff reserves all such rights to request such amount as a part of the final judgment in this case.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT

17. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "16" of its Complaint with the same force and effect as if set forth at length herein.

18. In addition, Defendant has demonstrated by its actions that it has no intention to pay to Plaintiff any of the Base Rent and Additional Rent that will become due under the Lease after May 2020.

19. The Defendant's conduct constitutes an anticipatory and wrongful breach of the Lease.

20. Plaintiff has duly performed all of the conditions of the Lease on its part to be performed.

21. Based on the foregoing anticipatory breach, Defendant is obligated to pay Plaintiff the present value of the Base Rent and Additional Rent reserved for the remainder of the Lease in the combined principal sum of at least $1,930,825.23, with appropriate legal interest thereon.

## JURY DEMAND

22. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands the entry of judgment against Defendant as follows:

(i) on its First Cause of Action, compensatory damages in the principal sum of $83,333.34, together with applicable interest to the entry of judgment;

(ii) On its Second Cause of Action, compensatory damages in the principal sum of no less than $1,930,825.23, together with applicable interest.

(iii) such other and further relief as this Court deems just and proper under the circumstances including, but not limited to, reasonable attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
May 7, 2020

RIVKIN RADLER LLP

By: /s/ Barry I. Levy
Barry I. Levy (BL 2190)
David M. Grill (DG 1385)
477 Madison Avenue, 20th Floor
New York, New York 10022
(212) 455-9555

*Counsel for Plaintiff, Sunrise Mass LLC*